UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:16CV-P342-TBR

WILLIAM E. RUDOLPH                                                    PLAINTIFF

v.

RODNEY BALLARD *et al.*                                            DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff William E. Rudolph filed the instant *pro se* 42 U.S.C. § 1983 action proceeding

*in forma pauperis*.  This matter is before the Court on initial review pursuant to 28 U.S.C.

§ 1915A.  For the reasons stated below, the Court will dismiss Plaintiff's claims for injunctive

relief and his official-capacity claims against the state Defendants and will allow his other claims

to proceed for further development.

**I.**

Plaintiff was a convicted inmate at the Hardin County Detention Center (HCDC) at the

time he filed this action but has since been released.  He sues Rodney Ballard, the Commissioner

of the Kentucky Department of Corrections (DOC); Teresa Bailey, whom Plaintiff identifies as

the Class D Coordinator of HCDC; and Michael Durrett, whom Plaintiff identifies as Supervisor

of the Records Office for DOC.  He sues each Defendant in his or her individual and official

capacity.

Plaintiff alleges that on January 26, 2016, he wrote to Defendant Ballard "with a time

sheet and the needed information to prove my 'falsely imprisonment' here at [HCDC.]"  He

states that he was sentenced on December 7, 2011, to "a total of 4 years (with 230 days jail

credit) but I have yet to get a response from him or DOC in which he's clearly jepodizing my life and freedom."

Plaintiff states that also on January 26, 2016, he talked to Defendant Bailey and "made her fully aware of my situation; providing her with 'legal documents' (time sheet, court docket, and case history report) to 'prove' my 'illegal incarceration[.]'"  He states, "Mrs. Bailey's exact words were: 'I cant do nothing unless or until DOC tells me to reguarding you[.]  However 'you' need to write Frankfort and hire you a 'lawyer' because you have a legitimate case of 'false imprisonment.'"  Plaintiff maintains that "Mrs. Bailey's neglecting (her job) to notify DOC in this matter is a 'delete of duty' and has caused me great pain, anguish, and personal setback[.]"

Plaintiff further maintains that on February 27, 2016, he wrote to Defendant Durrett and sent him "a time sheet, case (11-CR-1990) number, and sentencing (Dec 7, 2011) date along with my Judges (Barry Willett) name; I got 'no' response, I later had Lt. Reynolds forward Mr. Durrett my case history, court docket, time sheet, extradiction papers, and final sentencing report."  Plaintiff asserts that "all of my efforts has been to 'no' avail."  He states, "Mr. Durrett unprofessional behavior (job description; 'lack of') has (is) causing me a great amount of grief in 'all' aspect of my life."

As relief, Plaintiff seeks compensatory and punitive damages and "release from illegal detention."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## III.

Construing the complaint broadly, as the Court is required to do at this stage, the Court construes the complaint as alleging that Defendants held Plaintiff in HCDC past his serve out date in violation of the Due Process Clause of the Fourteenth Amendment and due to deliberate indifference in violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment. *See Shorts v. Bartholomew*, 255 F. App'x 46, 51, 53 (6th Cir. 2007). The complaint also alleges state-law claims of negligence and false imprisonment.

3

*Injunctive relief*

Plaintiff seeks injunctive relief in the form of release from detention.  Plaintiff cannot seek release as relief in a § 1983 action.  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Therefore, Plaintiff's claim for injunctive relief must be dismissed for this reason.

In addition, Plaintiff has now been released from custody.  Therefore, his claim seeking release must be denied as moot in any event.  *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding inmate's request for injunctive relief moot as he was no longer confined to the institution where the alleged wrongdoing occurred).

*Official-capacity claims against state officials*

Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Because Defendants Ballard and Durrett are officials or employees of the Commonwealth of Kentucky, claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky.  *See Kentucky v. Graham*, 473 U.S. at 166.  State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities.  *Kentucky v. Graham*, 473 U.S. at 169.  Therefore, Plaintiff's official-capacity claims against Defendant Ballard and Durrett for monetary damages must be dismissed for

failure to state a claim upon which relief may be granted and for seeking monetary relief from a Defendant immune from such relief.

***Remaining claims***

Upon review, the Court will allow Plaintiff's claims alleging violation of the Due Process Clause, deliberate indifference, negligence, and false imprisonment to proceed against Defendants Ballard and Durrett in their individual capacities and against Defendant Bailey in her individual and official capacities for compensatory and punitive damages.  In allowing these claims to proceed, the Court passes no judgment on their ultimate merit.

## IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claim for injunctive relief and official-capacity claims against Defendants Ballard and Durrett are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking monetary damages from a defendant who is immune from such relief.

The Court will enter a separate Order Directing Service and Scheduling Order governing the claims that have been permitted to proceed.

Date:

cc:    Plaintiff, *pro se*
       Defendants
       General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
       Hardin County Attorney
4413.010