# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:16-CV-00342-TBR

WILLIAM E. RUDOLPH,                                                                    Plaintiff,

v.

RODNEY BALLARD, *et al.*,                                                              Defendants.

## MEMORANDUM OPINION

William E. Rudolph, a state inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action against Rodney Ballard, the Commissioner of the Kentucky Department of Corrections, and Michael Durrett, an Assistant Unit Director with the Kentucky Department of Corrections. He alleges that Commissioner Ballard and Assistant Unit Director Durrett violated his rights under the Eighth and Fourteenth Amendments by detaining him past his "serve-out date." Now, Commissioner Ballard and Assistant Unit Director Durrett move for summary judgment, arguing that Rudolph failed to exhaust his available administrative remedies before filing this lawsuit. Because there is no genuine dispute of material fact on that point, Commissioner Ballard and Assistant Unit Director Durrett's Motion for Summary Judgment, [R. 17], is **GRANTED**.

## I.

During the period of time relevant to this action, William E. Rudolph was incarcerated at the Hardin County Detention Center in Elizabethtown, Kentucky. [R. 1 at 1 (Complaint).] He alleges that a state court judge sentenced him to a four-year period of incarceration, less two-hundred thirty days jail-time credit, on December 7, 2011. [*Id.* at 4.] After Rudolph believed that the date for his release had come and gone, he wrote to

1

Rodney Ballard, whom he thought to be the Commissioner of the Kentucky Department of Corrections, to petition for relief. [*Id.*] He received no response, and so wrote to Assistant Unit Director Michael Durrett, whom he thought worked in the Department's Records Office in Frankfort, Kentucky. [*Id.* at 4–5.] Again, however, no response was forthcoming.

Rudolph then filed this 42 U.S.C. § 1983 action against Commissioner Ballard and Assistant Unit Director Durrett.[1] He alleges that Commissioner Ballard and Assistant Unit Director Durrett violated his rights under the Eighth and Fourteenth Amendments by detaining him past his "serve-out date." Now, Commissioner Ballard and Assistant Unit Director Durrett move for summary judgment, arguing that Rudolph failed to exhaust his available administrative remedies before filing this lawsuit. [R. 17 (Motion for Summary Judgment).]

## II.

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing

---

[1] William E. Rudolph named Teresa Bailey, whom he identifies as the Class D Coordinator of the Hardin County Detention Center, in his complaint too. [R. 1 at 2 (Complaint).] However, she has not joined in the instant motion.

*Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52).

As the parties moving for summary judgment, Commissioner Ballard and Assistant Unit Director Durrett must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of Rudolph's claims. Fed. R. Civ. P. 56(c); *see also Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Assuming that Commissioner Ballard and Assistant Unit Director Durrett satisfy their burden of production, Rudolph "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324).

### III.

Commissioner Ballard and Assistant Unit Director Durrett argue that summary judgment is appropriate because Rudolph failed to exhaust his available administrative remedies with respect to his federal claims. [*See* R. 17-1 at 2–5 (Memorandum in Support).] On that point, Commissioner Ballard and Assistant Unit Director Durrett are correct. Therefore, the Court dismisses Rudolph's federal claims without prejudice and declines, in its discretion, to exercise supplemental jurisdiction over his remaining state-law claims.

The Prison Litigation Reform Act of 1995 requires a prisoner to exhaust all available administrative remedies before filing any action "with respect to prison conditions" under 42 U.S.C. § 1983 or any other federal law. 42 U.S.C. § 1997e(a). That exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *accord Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999). Exhaustion is mandatory and the remedies provided "need not meet federal standards, nor must they be 'plain, speedy, or effective.'" *Porter*, 534 U.S. at 524 (quoting *Booth v. Churner*, 532 U.S. 731, 739 (2001)). "Proper exhaustion demands compliance with [the prison's] deadlines and other critical procedural rules," *Woodford v. Ngo*, 548 U.S. 81, 90 (2006), and so "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion," *Jones v. Bock*, 549 U.S. 199, 218 (2007); *accord Lee v. Wiley*, 789 F.3d 673, 677 (6th Cir. 2015).

In this case, the Department's Corrections Policies and Procedures (CPP) do just that. *Brock v. Martin*, No. 5:15-CV-00083-TBR, 2016 WL 676466, at *2 (W.D. Ky. Feb. 18, 2016) (citing *Laroche v. Hiland*, No. 3:09-CV-683-H, 2011 WL 5085597, at *3 (W.D. Ky. Oct. 25, 2011)), *aff'd*, No. 16-5236 (6th Cir. Mar. 3, 2016). Per the Department's procedures, an inmate may "request a review or explanation of the method of sentence calculation for the sentences on which he is presently committed to the Department." CPP § 17.4(I)(A)(1). In order to do so, an inmate confined in a jail or local detention facility must submit a request in writing to the Jail Management Section of the Offender Information Services Branch in Frankfort, Kentucky. *Id.* § 17.4(I)(A)(3).

Here, it is undisputed that Rudolph failed to follow that procedure. Though Rudolph allegedly sent letters to Commissioner Ballard and Assistant Unit Director Durrett, [*see* R. 1 at 4–5], neither were among the persons responsible for reviewing sentencing calculations. When Rudolph attempted to contact Ballard, he had not yet been appointed to the position of Commissioner. [*See* R. 17-4 at 1 (Commission).] Similarly, Assistant Unit Director Durrett worked out of the Roederer Correctional Complex in LaGrange, Kentucky; he has not—at any time—worked for the Jail Management Section of the Offender Information Services Branch in Frankfort. [R. 17-5 at 1, ¶¶ 2–6 (Durrett's Affidavit).]

There is no genuine dispute of material fact, then, that Rudolph has not exhausted all of his available administrative remedies as 42 U.S.C. § 1997e(a) requires. *See Griffith v. Pamerleau*, No. SA-14-CV-591-PM, 2015 WL 2446003, at *4 (W.D. Tex. May 20, 2015) (requiring exhaustion in similar circumstances). Therefore, the Court will dismiss his federal claims without prejudice. *See Bell v. Konteh*, 450 F.3d 651, 653 n.4 (6th Cir. 2006) ("It is well established . . . that the appropriate disposition of an unexhausted claim under the PLRA is dismissal without prejudice." (citing *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2004); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 510 (6th Cir. 2001); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998))).

Having dismissed Rudolph's federal claims against Commissioner Ballard and Assistant Unit Director Durrett, the Court declines to exercise supplemental jurisdiction over his state-law claims for negligence and false imprisonment. *See* 28 U.S.C. § 1367(c)(3); *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 849 (6th Cir. 2012); *see also* 13D Charles Alan Wright et al., *Federal Practice and Procedure* § 3567.3 (3d

ed.), Westlaw (database updated April 2017) ("As a general matter, a court will decline supplemental jurisdiction if the underlying claims are dismissed before trial."). Accordingly, the Court will dismiss Rudolph's state-law claims without prejudice too.

## IV.

Commissioner Ballard and Assistant Unit Director Durrett's Motion for Summary Judgment, [R. 17], is **GRANTED**. An appropriate order shall issue.

Date:

cc: Counsel of Record
 Plaintiff, *pro se*